868 F.2d 1277
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
JEPPESEN SANDERSON, INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1452.
 United States Court of Appeals, Federal Circuit.
 Feb. 6, 1989.
Rehearing Denied May 4, 1989.
Rehearing Denied May 19, 1989.
 
 Before NIES, PAULINE NEWMAN and BISSELL, Circuit Judges.
 BISSELL, Circuit Judge.
 DECISION
 The judgment of the United States Claims Court, see 14 Cl.Ct. 624 (1988), granting the government's motion for summary judgment and denying the summary judgment cross-motion of Jeppesen Sanderson, Inc. (Jeppesen), is vacated and remanded.
 
 OPINION
 
 1
 Contract reformation is an equitable remedy available "when the parties to a contract have made a mutual mistake of fact." American Employers Ins. Co. v. United States, 812 F.2d 700, 705 (Fed.Cir.1987). Relief from a mutual mistake is appropriate
 
 
 2
 where (1) both the contractor and the Government have at the time of the contract made a mistake as to (2) a "basic assumption" on which the contract was based which has (3) a "material effect" upon performance, (4) provided that the contractor has not assumed the risk of that mistake, Restatement, Contracts 2d Sec. 152 (1981).
 
 
 3
 J. Cibinic, Jr. & R. Nash, Jr., Formation of Government Contracts 714 (1982).
 
 
 4
 Here, Jeppesen asserts that the parties committed a mutual mistake concerning the district court's power relative to the enforcement of the indemnity agreement. Jeppesen further asserts that both parties believed that the district court judge was competent to effectuate the agreement--that if the judge would not submit the issue to the jury, the court could and would itself apportion liability as stated in the agreement. In reliance upon that belief and in accordance with the contract, the government and Jeppesen agreed to submit special interrogatories to the jury for purposes of rendering the required factual findings. The district court, however, not only refused to submit the interrogatories to the jury but also refused to resolve the issue itself. The Ninth Circuit affirmed the district court's action because, under 28 U.S.C. Sec. 1346(a)(2) (1982), the district court lacked jurisdiction over Jeppesen's claim in excess of $10,000 against the United States. Brocklesby v. United States, 767 F.2d 1288, 1293-94 (9th Cir.1985), cert. denied, 474 U.S. 1101 (1986).
 
 
 5
 The following statement from a Comptroller General decision permitting contract reformation is particularly applicable to the situation at hand.
 
 
 6
 There can be no doubt from the evidence that this expectation was entertained by both parties; that the mistake in that respect was mutual; and that by reason thereof the contract(s) failed to express the true intention of the parties. As stated in F.P. Cutting Co. v. Peterson, 127 P. 163, 165 (S.Ct.Calif.1912):
 
 
 7
 We do not understand that relief from the consequences of a mutual mistake is confined to cases where the mistake was with reference to a past event, or to the present existence of some fact or thing. No sound reason appears why the doctrine should not equally apply where both parties by mistake expect a future event to occur and describe the subject-matter by words which make the intent clear if the event does happen as expected, but which defeat the real intent if the event does not happen precisely in the manner expected.
 
 
 8
 51 Comp.Gen. 617, 619 (1972). Further, the mutual mistake regarding the district court's competence to decide the apportionment issue during the liability trial falls within the realm of mistakes that justify reformation. See Restatement (Second) of Contracts Sec. 151 comment b (1981) (explaining that "law in existence at the time of the making of the contract [is] part of the total state of facts at that time").
 
 
 9
 Thus, the Claims Court dismissed the complaint under an erroneous view of the elements required for reformation. The mutual mistake here may be corrected in accord with equitable principles of reformation by substituting for the district court a court having jurisdiction over claims exceeding $10,000. Accordingly, we remand for the Claims Court to determine that portion, if any, of the judgment for which Jeppesen must be indemnified.